**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 1, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10495
Summary Calendar
_____

NORMAN WADE YOES,

                                        Plaintiff-Appellant,

versus

BARBARA OWENS; MIKE AYERS; ROBBIE WAREE,

                                        Defendants-Appellees.


--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 3:03-CV-1750
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Norman Yoes moves for leave to appeal in forma pauperis
("IFP"), challenging the district court's certification that he
should not be granted IFP status because his appeal is not taken in
good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir.
1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).  Yoes filed a
42 U.S.C. § 1983 complaint against several defendants, including
Barbara Owens, an assistant manager of a convenience store, claim-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIR. R. 47.5.4.

ing that Owens was involved in a methamphetamine ring and had placed a contract on his life. Owens, the only defendant who was served with process within the time set by the district court, moved for summary judgment. That court dismissed Yoes's claims against Owens because Yoes had failed to show that Owens was a state actor or had conspired with others to interfere in Yoes's civil rights. The court also dismissed without prejudice Yoes's claims against the other defendants.

Yoes argues that the district court erroneously denied him IFP status to proceed in the district court under 28 U.S.C. § 1915(g). He does not, however, explain how the district court's § 1915(g) determination relates to that court's certification that the instant appeal is not taken in good faith. Yoes has not demonstrated that he will raise a nonfrivolous issue on appeal. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion to proceed IFP is DENIED. His motion for appointment of counsel is DENIED. His appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; Baugh, 117 F.3d at 202 n.24.